UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY LANG, | ) | CASE NO: 5:24-cv-00117 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| BWXT NUCLEAR OPERATIONS | ) | |
| GROUP, INC., *et al.*, | ) | (Resolves Docs. 7, 8, 11) |
| | ) | |
| Defendant(s). | ) | |

This matter comes before the Court on *Plaintiffs' Motion to Remand* (the "Motion") filed by Plaintiff Zachary Lang ("Lang") (Doc. 7) wherein Lang requests an order from the Court remanding the above-captioned matter to the Summit County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) based on a lack of subject matter jurisdiction. Defendants BWXT Nuclear Operations Group, Inc. ("BWXT"), Peter Hildreth, Beth Melinger, Andrew Shaddock, David Sherlin, and Mike Warburton (collectively, "Defendants") filed their opposition to the Motion (Doc. 8) and Lang filed the *Plaintiff's Reply in Support of His Motion to Remand* (Doc. 11).

I. FACTS

Lang initiated this case in the Summit County Court of Common Pleas on December 15, 2023 against BWXT, Peter Hildreth, Beth Melinger, Andrew Shaddock, David Sherlin, Kelly Verlei, and Mike Warburton. Doc. 1 at 9–10. He alleges claims of religious discrimination, retaliation, and aiding and abetting discrimination under the laws of the State of Ohio. Doc. 1 at 16–17. Defendants filed the Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing the case to this Court on January 19, 2024 and alleging the Court has original jurisdiction based

1

on diversity of citizenship. Doc. 1 at 2–3. They argue that Peter Hildreth, Beth Melinger, David Sherlin, and Mike Warburton are all citizens of Ohio, were improperly joined, and therefore complete diversity exists because Lang resides in Ohio and the only properly named defendants are 1) Andrew Shaddock, a resident of Virginia, and 2) BWXT, which is incorporated in Delaware with a principal place of business in Virginia.[1] Doc. 1 at 3–4. Thereafter, Lang filed this Motion, wherein he argues that the individual claims are appropriately asserted against all named individuals, including the Ohio residents, so there is no diversity of citizenship and the case belongs in state court. Doc. 7.

## II. LAW AND ANALYSIS

For any case originally filed in state court and subsequently removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a matter is removed due to diversity of citizenship, the determination of whether complete diversity of citizenship, and therefore subject matter jurisdiction, exists is made at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Complete diversity of citizenship means "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir.1989)) (internal quotation marks omitted).

Fraudulent joinder, as it relates to subject matter jurisdiction, "is a judicially created doctrine that provides an exception to the requirement of complete diversity" where non-diverse defendants do not "defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493 (quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)) (internal quotation marks

---

[1] The *Notice of Removal* (Doc. 1) does not address the appropriateness (or lack thereof) of the joinder of Kelly Verlei.

omitted). The removing parties bear the burden of establishing a basis for subject matter jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993). They must clearly show there can be no recovery against the non-diverse defendant[s] under the law of the state or on the facts in view of the law. *Roof v. Bel Brands USA, Inc.*, 641 Fed. App'x 492, 496 (6th Cir. 2016) (citing *Coyne*, 183 F.3d at 493). Therefore, the federal court must review the controlling state law in order to decide whether a defendant has met their burden. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Further, if there is a colorable basis for predicting that Lang may recover against the non-diverse defendants, this Court must remand the action to state court. *Roof*, 641 Fed. App'x at 496 (citing *Coyne*, 183 F.3d at 493). A claim is considered colorable "if the state law *might* impose liability on the resident defendant under the facts alleged." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Filla v. Norfold S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)) (internal quotation marks omitted) (emphasis in original). Additionally, "any disputed questions of fact or ambiguities in the controlling state law must be resolved in favor of the non-removing party." *Roof*, 641 Fed. App'x at 496 (quoting *Alexander*, 13 F.3d at 949) (internal quotation marks omitted).

As a preliminary matter, the Court will address Defendants' argument that the Motion is untimely due to the 30-day deadline set forth by 28 U.S.C. § 1447(c). Doc. 8 at 5. The statute imposes a 30-day deadline on motions to remand based on any defect other than a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Therefore, any alleged delay is irrelevant in this case as subject matter jurisdiction is the basis of this Motion.

Next, Defendants allege that Lang has no colorable claims and cannot recover against Peter Hildreth, Beth Melinger, David Sherlin, or Mike Warburton because they are not employers and therefore cannot be held liable under section 4112 of the Ohio Revised Code ("O.R.C."). Doc. 1

3

at 3. However, Lang argues that state law does provide for certain individual liability, even if the individual acted in the scope of their employment. [2] Doc. 7 at 2–3. Therefore, this Court must review the state of O.R.C. § 4112 to decide whether the individual defendants were properly joined and if the case should accordingly be remanded for lack of jurisdiction. *See Alexander* at 949.

O.R.C. § 4112 governs state employment discrimination actions. First, section 4112.01(A)(1) defines a "person" as "one or more individuals, partnerships, associations, organizations…also includes, but is not limited to,…agent, *employee* [emphasis added]…". Ohio Rev. Code Ann. § 4112.01(A)(1). The source of the disagreement in this case is the change the Ohio legislature enacted with House Bill 352. With H.B. 352, O.R.C. § 4112.08(A) was changed to state that:

> no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer.

H.B. 352, 133rd Gen. Assemb. (Ohio 2021). However, upon review of section 4112.01(A)(24)(a), it is clear that the new section 4112.08(A) does not apply to limit the divisions Lang relies on – 4112.02(I) and (J) – because 4112.01(A)(24)(a) describes only unlawful discriminatory practices relating to divisions (A)–(F). *See* Ohio Rev. Code Ann. § 4112.01(A)(24)(a). Therefore, a review of the state law in light of H.B. 352 indicates individuals can still be held liable under O.R.C. §§ 4112.02(I) and (J). Other courts in both this district and the state courts have held the same. *See Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 927 (N.D. Ohio 2022) ("However, that change does not apply to § 4112.02(I), claims for retaliation, or § 4112.02(J), claims for aiding and abetting discrimination or retaliation. Those sections provide that it is unlawful for 'any person'

---

[2] The Court notes that neither party clearly characterizes the status of individual defendants' relationships with BWXT, however, the pleadings suggest the parties agree that all are/were employees of BWXT, so it will proceed to analyze the arguments accordingly.

rather than 'any employer' to engage in retaliation or aiding and abetting discrimination or retaliation."); *Norris v. G4S Secure Sols. (USA), Inc.*, No. 1:21-cv-1022, 2021 U.S. Dist. LEXIS 11306, at *4–5 (N.D. Ohio June 30, 2021) ("Section 4112.02(I), unlike § 4112.02(A), applies to 'any person'…Consistent with this broader language, this Court has held that 'no employer-employee relationship is required to proceed with a suit for retaliation' under § 4112.02(I)."). *See also Townsend v. City of Kettering*, 2022-Ohio-2710, ¶ 59, 194 N.E.3d 457, 474 (Ct. App.) ("ORC 4112.02(J) holds individual employees liable for the participation in discriminatory practices."); *Bostick v. Salvation Army*, 2023-Ohio-933, ¶ 73, 213 N.E.3d 730, 745 (Ct. App.) ("H.B. 352 does not extend to claims under 4112.02(I) or (J). Any person remains.").

Accordingly, this Court similarly finds that sections 4112.02(I) and (J) of the Ohio Revised Code do not preclude individual liability. Therefore, defendants Hildreth, Mellinger, Shaddock, Sherlin, Verlei, and Warburton were properly joined in this case, there is no complete diversity as several of these defendants are residents of Ohio, and the Court must remand the case to the Summit County Court of Common Pleas due to a lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated above, *Plaintiffs' Motion to Remand* (Doc. 7) is GRANTED and the Court REMANDS the case to the Summit County Court of Common Pleas. The Court takes no action on the *Motion to Dismiss the Complaint as to Defendants BWXT, Warburton, Hildreth, and Shaddock* (Doc. 4) as the remand is appropriate and the state court should decide the motion to dismiss.

IT IS SO ORDERED.

| | |
|---|---|
| <u>March 18, 2024</u> | <u>/s/ John R. Adams</u> |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |

5